IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CITY OF WACO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 6:15-CV-310 RP |
| | § | |
| KLEINFELDER CENTRAL, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Kleinfelder Central, Inc.'s Motion for Reconsideration (Dkt. 72). On Friday, October 14, 2016, the Court held a Final Pretrial Conference in the above-captioned matter. At the conference, the Court ruled on the pending motions in limine. In the Court's rulings, it granted Plaintiff's first two motions in limine, but after hearing after additional argument by counsel for the Defendant, indicated that it would further consider those rulings. On Sunday, October 16, 2016, Defendant filed a motion urging the Court to reconsider its rulings with respect to Plaintiff's first two motions in limine.

The first motion requests that the following matters be inadmissible:

Any reference, testimony, or questioning of a witness with regard to terms used in the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, or the Texas Superfund Program or the Texas Solid Waste Disposal Act, set out in Chapter 361 of the Texas Health and Safety Code and Title 30, Chapter 335 of the Texas Administrative Code (collectively hereinafter "CERCLA"), such as "owner," "operator," "transporter of the hazardous waste," "generator," or "responsible party."

The second motion requests that the following additional matters be inadmissible:

Any reference, testimony, or questioning of a witness with regard to Section 25, entitled "warranty of Title, Waste Ownership, and the portion of Exhibit C, entitled Limitations. This section contains language regarding "risk of loss" and liability for arrangement, transportation, treatment, and disposal of materials.

1

Plaintiff City of Waco argues that allowing discussion of these matters before the jury would be unduly prejudicial. With respect to the first motion, it notes that any obligations that the City has under CERCLA, and any liability that Kleinfelder may face for breach of contract, are unrelated. Second, the City notes that the Court already ruled on the applicability of Section 25 and the "Limitations" portion of Exhibit C, and ruled that they do not preclude the City from recovering damages resulting from a breach of contract by Kleinfelder.

At the pretrial conference, counsel for the Defendant argued that the granting of Plaintiff's first two motions in limine would severely restrict Defendant's ability to argue its case before the jury. In particular, Defendant contended that exclusion of these matters would make it difficult to explain to the jury that Plaintiff bore the initial responsibility for the subject property and the disposal or removal of all contaminated soil on that property, and, more importantly, that Defendant's liability should be limited to the amount of additional cost arguably born by the City because of Defendant's breach, and not more.

In Defendant's motion for reconsideration, it reiterated this argument, noting that while the Court determined in its summary judgment order that Section 25 does not preclude Defendant from all possible liability stemming from a possible breach in its remediation activities, it did not invalidate Section 25 or otherwise shift liability originally placed on Plaintiff to Defendant. Defendant also argued that the Court's initial ruling was vague, and would preclude necessary testimony regarding Plaintiff's obligations under the Texas Solid Waste Disposal Act ("TSWDA"), in particular.

In considering these arguments, the Court finds that it must limit its initial ruling, and further detail what matters the parties may and may not present to the jury. In doing so, it considers two important and competing interests. First, the Court recognizes that the terms in the relevant statutes and the language in Section 25 and Exhibit C of the parties' agreement could confuse the jury as to whether Defendant may be held liable for their breach at all. For example, statutory

language provides that Plaintiff is the "operator" and "generator" of the contaminated soil. Further, the language of Section 25 of the agreement provides that Plaintiff is "liable for the arrangement, transportation, treatment, and/or disposal of all material" and that Plaintiff "shall promptly, at its cost, remove and lawfully dispose of . . . hazardous materials."

Second, the Court understands the importance of the jury having a clear understanding of the parties' initial responsibilities and their respective relationships to the subject property and the contaminated soil in order to properly allocate damages. Without this basic understanding, the jury might fail to deduct costs that Plaintiff would have incurred regardless of a breach by Defendant from a possible jury award.

In addressing these interests, the Court rules as follows:

- The parties may discuss the TSWDA to the extent it is relevant to the discussion of the proper characterization and disposal of different types of hazardous and non-hazardous soil.

- The parties may not discuss the specifcs TSWDA or CERCLA to the extent that they are addressing the parties' relative responsibilities. The parties may, however, state more generally that a party bears a responsibility "by law."

- The parties may not discuss Section 25 of the parties' agreement, or the "Limitations" portion of Exhibit C of the agreement.

- The parties may use the same terms that are included in the TSWDA, CERCLA, Section 25 of the parties' agreement, or the "Limitations" portion of Exhibit C of the agreement to the extent the language would be applicable even in the absence of the statutes or contractual provisions. For example, it is the Court's understanding that the City is the "owner" of the property located at 901 Peach Street, and thus was also the "owner" of any contaminated soil previously on that property. The City was not, however, the party that initially produced

3

the contaminated soil, thus, would not be categorized as a "generator" under the term's normal definition.

Both parties are urged to exercise discretion in complying with this order. If the parties have any doubt as to the admissibility of any matter, they may raise the issue with the Court. Further, if either party seeks to discuss any matter excluded by this order, they may seek permission from the Court to discuss the matter before the jury.

**SIGNED** on October 17, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE